IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DANIEL LYNN GOERING-RUNYAN,

        Defendant.

No. 3:22-cr-00164-HZ-1
    3:24-cv-00735-HZ

OPINION & ORDER

Bryan Chinwuba
United States Attorney's Office
1000 SW 3rd Ave, Ste 600
Portland, OR 97204

    Attorney for Plaintiff

Daniel Lynn Goering-Runyan
99588-509
FCI SHERIDAN CAMP
Inmate Mail/Parcels
P.O. BOX 6000
SHERIDAN, OR 97378

    *Pro se*

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Daniel Lynn Goering-Runyan moves to vacate or correct his sentence under 28 U.S.C. § 2255. ECF 130. For the following reasons, the Court denies the Motion.

## BACKGROUND

On May 3, 2022, Defendant was indicted for failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). ECF 2. At a hearing on September 9, 2022, the Court denied Defendant's request to represent himself. ECF 34. Defendant proceeded to trial, represented by counsel. ECF 73, 74. On October 12, 2022, the jury found Defendant guilty. ECF 76. The Court sentenced Defendant to 14 months' imprisonment and 10 years of supervised release. J. & Commitment, ECF 88. On December 7, 2022, Defendant appealed to the Ninth Circuit. ECF 90. On February 9, 2024, the Ninth Circuit upheld Defendant's conviction and sentence. ECF 123. A mandate issued on March 4, 2024. ECF 126.

On May 4, 2023, a supervised release violation warrant was issued as to Defendant. ECF 109. Defendant was alleged to have failed to comply with the terms of his supervised release by failing to follow the rules and directions of his residential reentry center, resulting in his termination from the program. ECF 107. At a hearing on May 22, 2023, Defendant admitted the violation. ECF 114. The Court continued his supervised release. *Id.*

On November 7, 2023, Defendant's probation officer reported that Defendant had been found in South Dakota without obtaining permission to leave this judicial district, and had failed to report termination of his employment as required by his supervised release conditions. ECF 116. Defendant also failed to attend sex-offense-specific treatment as scheduled and required. *Id.* The Court issued a warrant for Defendant's arrest. ECF 118. At a hearing on March 29, 2024, Defendant denied the violations. ECF 128. The Court found Defendant in violation of the

conditions of his supervised release and revoked his supervised release. *Id.* The Court imposed 8 months' imprisonment and reimposed a term of 10 years of supervised relief thereafter. ECF 128, 129.

On April 29, 2024, Defendant filed the present Motion, raising three grounds: (1) he was over-sentenced for his supervised release violation; (2) denial of self-representation and failure to present a defense Defendant wished to present; and (3) the supervised release statute is unconstitutional. On June 17, 2024, the Supreme Court denied his petition for writ of certiorari. ECF 138. Defendant's Motion is ripe for review.

## STANDARDS

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the sentencing court to vacate, set aside, or correct the sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief, a defendant must show that an error of constitutional magnitude "had substantial and injurious effect or influence" on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, the defendant is entitled to a hearing in which the court determines the issues and makes findings of fact and conclusions of law, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "The standard for granting an evidentiary hearing [under § 2255] entails assuming the

truth of [the defendant's] factual allegations." *United States v. Leonti*, 326 F.3d 1111, 1121 (9th Cir. 2003). A district court may summarily dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). "Therefore, 'a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims,' and failure to grant one in such a circumstance is an abuse of discretion." *United States v. Reyes-Bosque*, 624 F. App'x 529, 530 (9th Cir. 2015) (quoting *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)).

## DISCUSSION

The Court concludes that each of Defendant's three grounds for relief fails and that no hearing is required. The Court therefore denies Defendant's Motion and denies issuance of a Certificate of Appealability.

**I.    Ground One**

In his first ground, Defendant argues that he was over-sentenced for his supervised release violation. Def. Mot. 4. He argues that the supervised release statute "is against the traditional low-high sentencing" and "the foundation of the system." *Id.* He states, "I should be out of confinement rather than S.R. violation incarceration because I already "jammed"/completed my high # sentencing." *Id.*

The Government correctly asserts that the sentence was lawful and reasonable. Gov. Resp. 5-6, ECF 134. The Court has the authority to revoke a term of supervised release and require that all or part of that term be served in prison if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

Where, as here, the underlying offense is a Class C felony, the defendant may be required to serve up to two years in prison. *Id.* The Sentencing Guidelines recommended a range of 5 to 11 months for Defendant because his violations were Grade C and he fell into Criminal History Category III. U.S.S.G. § 7B1.4(a).

The Court's sentence of 8 months fell within the Guidelines range. A sentence that reflects the proper application of the Guidelines is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Wilson*, 8 F.4th 970, 979 (9th Cir. 2021) ("Again, we have recognized that a Guidelines sentence will usually be reasonable.") (internal quotations omitted). The sentence the Court imposed was reasonable given the nature of Defendant's violations and their occurrence only months after Defendant's first violation. *See* Gov. Resp. 6. Defendant's argument that he should not have been incarcerated because he had already served his 14-month sentence lacks merit. Because the record conclusively shows that Defendant is not entitled to relief on Ground One, no hearing is required to evaluate this ground.

## II.     Ground Two

In his second ground, Defendant argues that he was improperly denied self-representation and that a defense he "drew up for trial in 2022" was not presented. Def. Mot. 5. The Government recognizes that this ground may be liberally construed to allege a claim for ineffective assistance of counsel. Gov. Resp. 7. The Court agrees and will consider this ground to allege both denial of the right of self-representation and ineffective assistance of counsel.

### A.     Right of Self-Representation

The Government correctly asserts that Defendant cannot pursue this ground based on denial of the right of self-representation because the Ninth Circuit has already reviewed and decided this issue. Gov. Resp. 6-7. The Ninth Circuit held that this Court did not violate

5 – OPINION & ORDER

Defendant's Sixth Amendment right to self-representation. Mem. 2-3, ECF 123. This Court correctly concluded that Defendant showed an inability to comprehend that he faced the potential punishment of a term of supervised release up to life. *Id.* Absent countervailing considerations, a motion under § 2255 may not be used to relitigate an issue decided on direct appeal. *Foster v. Chatman*, 578 U.S. 488, 519-20 (2016) (Alito, J., concurring) (collecting authorities). No such considerations are present here. The Ninth Circuit has already held that Defendant's right of self-representation was not violated, and the Supreme Court declined review. The issue has been conclusively resolved and may not be relitigated here.

      B.      Ineffective Assistance of Counsel

The Government first argues that Defendant's claim for ineffective assistance is procedurally defaulted because it was not raised on appeal. Gov. Resp. 7 (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). The Court disagrees. The Ninth Circuit has recognized that "ineffective assistance of counsel claims are usually pursued in post-conviction proceedings." *United States v. Nickerson*, 556 F.3d 1014, 1018 (9th Cir. 2009). This case shows one reason why that is so: Defendant's trial counsel also represented Defendant on appeal. The Court declines to find that Defendant's ineffective assistance argument was procedurally defaulted.

However, the claim fails on the merits. To demonstrate ineffective assistance of counsel, Defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove the deficiency of counsel's performance, the defendant must show counsel made errors so serious that his or her "representation fell below an objective standard of reasonableness" under prevailing professional norms. *Id.* at 688. The court must inquire "whether counsel's assistance

was reasonable considering all the circumstances" at the time of the assistance. *Id.* "In assessing whether counsel's performance was deficient, courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and make every effort 'to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689). Ultimately, the defendant's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

"To satisfy the prejudice prong under *Strickland*, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting 466 U.S. at 694). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112. The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant[.]" *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

Defendant states only, "Denied self representation and did not present the defense I drew up for trial in 2022." Def. Mot. 5. He does not specify what that defense was. The Government asserts that Defendant's counsel presented Defendant's knowledge defense through proposed jury instructions and argument. Gov. Resp. 8 (citing ECF 42, 70). The Court did not give Defendant's proposed instructions on knowledge. The Ninth Circuit ruled that the Court's

7 – OPINION & ORDER

instructions on knowledge were proper. Mem. 3, ECF 123. To the extent Defendant's claim is based on failure to present his interpretation of the knowledge element of his offense, he cannot meet either prong of *Strickland*.

Even if the defense to which Defendant refers in his Motion is something other than the knowledge defense that was inconsistent with the law, his ineffective assistance claim fails because he cannot show prejudice. The evidence against Defendant at trial was overwhelming on all elements of the offense. There is no reasonable probability that the outcome would have been different had counsel made different strategic decisions during trial or presented a different defense. *United States v. Piers*, 312 F. App'x 69, 70-71 (9th Cir. 2009) (where the Government presented overwhelming evidence of guilt, none of the alleged errors by counsel prejudiced the defendant). In sum, Defendant's second ground for relief fails, and no hearing is necessary.

## III.    Ground Three

In his third ground for relief, Defendant argues that the supervised release statute is unconstitutional "when pleading not guilty and altogether." Def. Mot. 6. Defendant asserts that he should only have been incarcerated for the 14 months to which he was originally sentenced, but that he has "been locked up 22 months now." *Id.* His arguments lack merit. To some extent, they repeat arguments in his first ground for relief, and they fail for the same reasons. To the extent Defendant raises distinct arguments from Ground One, they have already been rejected by the Ninth Circuit. Defendant argued on appeal that imposition of the 10-year term of supervised relief, along with the 14 months of incarceration, was unconstitutional because the two components of the sentence combined exceeded the maximum sentence for his offense. Def. Op. Br., *United States v. Goering-Runyan*, 2023 WL 3260115, at *28-*32. The Ninth Circuit affirmed the validity of this sentence. Mem. 3-4. The Ninth Circuit also rejected Defendant's

argument that the Supreme Court struck down 18 U.S.C. § 3583(k) in its entirety in *United States v. Haymond*, 588 U.S. 634 (2019). *Id.* at 4. Defendant's constitutional challenge to the supervised release statute fails as a matter of law, so no hearing is required.

In sum, none of the three grounds for relief Defendant raises, even when construed liberally, presents any basis to vacate, set aside, or correct his sentence. The record affirmatively shows that all of his grounds for relief fail, so no hearing is required. As Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

The Court DENIES Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [130]. The petition is dismissed with prejudice.

IT IS SO ORDERED.

DATED: August 1, 2024.

_____
MARCO A. HERNÁNDEZ
United States District Judge